UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF BROWNE & BRYAN LUMBER CO., INC., et al., Appellants, v. NATIONAL SURETY CORPORATION, Respondent.— In an action to recover under three surety company bonds for costs which had been filed in connection with certain appeals to the United States Court of Appeals for the Second Circuit, plaintiffs appeal, by permission of this court, from an order of the Appellate Term of the Supreme Court, entered April 7, 1964, which: (a) reversed a judgment of the Civil Court of the City of New York, entered after a jury trial upon a directed verdict in the plaintiffs' favor; and (b) dismissed the complaint. Order of the Appellate Term reversed on the law, with costs, and judgment of the Civil Court of the City of New York awarding recovery to the plaintiffs on all three bonds reinstated. No issues of fact have been considered. Originally plaintiffs were awarded summary judgment with respect to all three bonds. On an appeal to the Appellate Term in

1963, there was a modification; partial summary judgment was awarded on two of the bonds, each in the face amount of $250, and a trial was ordered on the third bond, also in the face amount of $250. In the Civil Court, the trial resulted in a directed verdict for the plaintiffs on the third bond. A judgment for all three bonds was then entered in the Civil Court; and a second appeal to Appellate Term ensued. That court reversed the judgment and dismissed the complaint, and its order thereon is the subject of this appeal. The Appellate Term lacked the power to reverse that portion of the judgment which was the result of its own prior grant of partial summary judgment. Moreover, there are indications in the record that the reversal in that respect was unintended and that it was caused by mistake or oversight. The reversal, insofar as it affected that portion of the judgment emanating from the directed verdict on the third bond, was also wrong. The Appellate Term concluded that there were conditions precedent to that bond which had not been met. Such conditions *were* met, for appeals to the United States Court of Appeals for the Second Circuit were taken and that court duly affirmed " with costs to the appellees." The said Federal court itself denied a motion by the respondent here to cancel that third bond on the ground that it had been superseded by the other two. The denial of such motion affirmatively indicated that court's view (and this entire controversy began there) that the bond was a valid and subsisting one, apart from the other two. Plaintiffs are thus entitled to judgment on all three bonds. Christ, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., not voting.